CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 8 2020
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:16cr00006 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| EDWARD JAIMAAL PRICE, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

This matter is before the court on Petitioner Edward Jaimaal Price's ("Petitioner") petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255 [ECF No. 115], and the government's motion to dismiss that petition [ECF No. 124]. Following limited discovery, the matter was fully briefed by the parties. For the reasons stated herein, I will grant the government's motion to dismiss.

## I.

On November 20, 2015, Deputy Todd Carroll, special deputy U.S. marshal, and Pittsylvania County Sheriff Deputy and ATF[1] Task Force Officer Scott Wyatt were surveilling a home located at 623 Wimbish Drive in Danville, Virginia, on information that Bradley Lamont Price, a wanted fugitive, was there. (See generally Suppression Hr'g Tr. 3:23–8:9, May 1, 2017 [ECF No. 74] (hereinafter "Suppression Tr.").) Wyatt had been observing the house for several hours and, when Carroll arrived, Carroll set up off-site but maintained radio contact with Wyatt. At some point, Wyatt observed an individual he

---

[1] The Bureau of Alcohol, Tobacco, Firearms and Explosives.

believed could be Bradley Price[2] leave the house, enter a vehicle, and drive away. Wyatt followed the vehicle and radioed Carroll.

Soon thereafter, the vehicle turned into a convenience store/gas station. Wyatt pulled in behind the vehicle, and Carroll positioned his car in front of it.[3] Because of the threat posed by Bradley Price,[4] Wyatt and Carroll drew their firearms and instructed the sole occupant of the vehicle to get out of the car. Carroll observed the occupant making "furtive" movements, as if he was reaching for something under his seat. (See id. 10:11–16.) As a result, Carroll removed the driver from the car. During a consensual search of the driver's person,[5] Carroll discovered (and Wyatt retrieved) what was later determined to be crack cocaine. The driver's identification was located inside the automobile and, at that time, Carroll and Wyatt discovered that the driver was not Bradley Price, but rather Petitioner, Edward Price. Petitioner was placed under arrest, charged, entered a conditional guilty plea, and was sentenced to 60 months in prison. (See Judgment, Mar. 14, 2017 [ECF No. 62].)

In August 2017, the office of the United States Attorney for the Western District of Virginia advised counsel in an unrelated case that it had potentially impeaching material

---

[2] Wyatt testified that "[a] black male fitting the height and weight" of Bradley Price exited the home and got in a car parked in the driveway but, because Wyatt was 40-50 yards away from the house, he could not see the individual's face to make a positive identification. (See Suppression Tr. 33:15–34:20.)

[3] Wyatt testified that he had lawful authority to stop the vehicle because the license plate had expired 30-day tags. (Suppression Tr. 35:14–15; 36:3–37:6.) Petitioner moved to suppress evidence found on him during a search that followed the stop of the automobile. That motion was denied, and Petitioner entered a conditional guilty plea, retaining his right to appeal the denial of his motion to suppress. On appeal, the Fourth Circuit affirmed the trial court's ruling on the motion to suppress. See United States v. Price, 717 F. App'x 241 (4th Cir. 2018) (per curiam) (unpublished).

[4] Carroll affirmed that he considered Bradley Price "possibly armed, possibly dangerous, possibly violent" at that time. (Suppression Tr. 6:23–25.)

[5] Price denies he consented to the search, but the court found otherwise when it denied his motion to suppress.

regarding "substantial criminal malfeasance" on the part of ATF Task Force Officer Craig Frye, a police officer for the Town of Vinton, Virginia. (See generally Mtn. for Relief from Prior Restraint, United States v. Brown, No. 7:12cr00057 (W.D. Va. Oct. 24, 2017) [ECF No. 263].) Ultimately, the Chief Judge of this district ordered that the potentially impeaching information about Frye be released to counsel and defendants in 55 separate criminal cases in this district in which Frye played any role. (Order, May 16, 2018 [ECF No. 107].) Petitioner was included on the list because, at his arraignment, Frye was in attendance and listed on the court's minute sheet as the "case agent." [See ECF No. 11]. Frye did not testify [see ECF No. 12], and never appeared in court again in Petitioner's case.

On April 26, 2019, Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255 [ECF No. 115]. The government filed a motion to dismiss the petition on August 2, 2019 [ECF No. 124], and Petitioner moved for leave to engage in limited discovery [ECF No. 125]. That motion was granted [ECF No. 127], and Petitioner filed a brief in opposition to the government's motion on November 27, 2019 [ECF No. 130]. I have reviewed the pleadings and arguments of the parties, and the matter is now ripe for disposition. Because the facts and arguments of the parties are adequately set forth in their pleadings, oral argument is unnecessary.

## II.

To state a viable claim for relief under 28 U.S.C. § 2255, a petitioner must prove that: (1) his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255(a) (2019). A petitioner bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. <u>Miller v. United States</u>, 261 F.2d 546, 547 (4th Cir. 1958).

**III.**

Petitioner contends that, because Frye was present in court at his arraignment and the government failed to disclose potentially impeaching evidence about Frye, his due process rights were violated. He makes the argument without evidence to suggest, let alone establish, that Frye had any involvement whatsoever in the investigation, stop, arrest, or prosecution of Petitioner. Although Frye was present at Petitioner's arraignment, he did not testify or offer any evidence, and Petitioner has not pointed to any evidence to suggest that Frye had involvement in the investigation or prosecution beyond being present in court for approximately ten minutes. [<u>See</u> ECF No. 11.]

Under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the prosecution deprives a criminal defendant of due process when it suppresses or withholds evidence that is both favorable to the defendant and "material either to guilt or to punishment, irrespective of" whether the prosecution acted in good faith in suppressing the evidence. <u>Brady</u>, 373 U.S. at 87. Evidence is "material" "if there is a reasonable probability that the proceeding would have resulted in a different outcome had the evidence been disclosed to the defense." <u>Richardson v. Branker</u>, 668 F.3d 128, 145 (4th Cir. 2012). The key inquiry, then, is whether "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence" in the outcome. <u>Kyles v. Whitley</u>, 514 U.S. 419, 435 (1995).

United States v. Giglio imposes similar requirements on the government. In Giglio, the Supreme Court held the government is required to turn over evidence that may be used to impeach its potential witnesses, such as evidence regarding a witness's credibility. United States v. Giglio, 405 U.S. 150, 154 (1972). As in Brady, "[a] failure to disclose violates due process only if the evidence in question (1) is favorable to the defendant because it is either exculpatory or impeaching; (2) was suppressed by the government; and (3) is material in that its suppression prejudiced the defendant." United States v. Sterling, 724 F.3d 482, 511 (4th Cir. 2013) (citing Strickler v. Greene, 527 U.S. 263, 281–82 (1999); Vinson v. True, 436 F.3d 412, 420 (4th Cir. 2006)).

Petitioner bears the burden of showing that he is entitled to the relief he seeks. Despite being granted leave to conduct limited discovery to uncover even a scintilla of evidence to support his petition, he has come up empty-handed. Rather, he relies solely on supposition and conjecture to contend that Frye's alleged misconduct so imbued the criminal justice system that Petitioner's prosecution was irredeemably tainted by Frye's mere presence in court on one occasion. He makes this argument without any evidence to suggest, let alone establish, that Frye knew or had contact with either Carroll or Wyatt before, during, or after Petitioner's arrest. To put it bluntly, nothing Petitioner has alleged supports his contention that either Brady or Giglio was implicated, let alone violated, during his prosecution.

Even if the material was required to be disclosed by either Brady or Giglio, however, that evidence was not material. "Undisclosed evidence is material when its cumulative effect is such that 'there is a reasonable probability that, had the evidence been disclosed to the

defense, the result of the proceeding would have been different.'" United States v. Brunson, 300 F. App'x 240, 241 (4th Cir. 2008) (per curiam) (unpublished) (quoting Kyles, 514 U.S. at 433–34 (1995)). Here, Petitioner's motion to suppress was denied because (1) the stop of the automobile was valid and (2) the search of Petitioner's person was consensual. Both of those rulings were affirmed by the Court of Appeals. See Price, 717 F. App'x at 243–44. Neither of those conclusions would be influenced, let alone different, had information about Frye's alleged misconduct been introduced at the hearing. He was not involved in the stop, and thus any malfeasance would have resulted in a different outcome. As such, the evidence was not material, and its non-disclosure did not violate either Brady or Giglio. See Sterling, 724 F.3d at 511.

After indictment, Petitioner entered a guilty plea, subject to an appeal of the denial of his motion to suppress. In order to set aside a guilty plea, Petitioner "must show that (1) some egregiously impermissible conduct . . . antedated the entry of his plea and (2) the misconduct influenced his decision to plead guilty or, put another way, that it was material to his choice." United States v. Fisher, 711 F.3d 460, 465 (4th Cir. 2013). Having failed to establish a violation of either Brady or Giglio, Petitioner has failed to establish "egregiously impermissible conduct" on the part of the government, and thus has not shown that his guilty plea is subject to withdrawal.[6] Because his petition lacks the necessary factual support, it will be dismissed.

---

[6] Although not raised by either party, I note that, in 2002, the Supreme Court held, "[I]mpeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware"). Of course, the more information the defendant has, the more aware he is of the likely consequences of a plea, waiver, or decision, and the wiser that decision will likely be. But the Constitution does not require the prosecutor to share all useful information with the defendant." United

## IV.

Petitioner has failed to carry his burden to establish that either <u>Brady</u> or <u>Giglio</u> were violated during his prosecution or that his guilty plea was procured following "egregiously impermissible conduct." Accordingly, his petition for writ of habeas corpus will be dismissed.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 8th day of April, 2020.


_____

SENIOR UNITED STATES DISTRICT JUDGE

---

States v. Ruiz, 536 U.S. 622, 629 (2002). In <u>Ruiz</u>, the Court was asked "whether the Constitution requires [the] preguilty plea disclosure of impeachment information. [It] conclude[d] that it does not." <u>Id.</u> There is no doubt that "a guilty plea is a grave and solemn act to be accepted only with care and discernment[.]" <u>Brady</u>, 397 U.S. at 748. But in pleading guilty, Petitioner abandoned "not only a fair trial, but also other accompanying constitutional guarantees." <u>Ruiz</u>, 536 U.S. at 622. Insofar as Petitioner asserts that the impeachment information regarding Frye should have been disclosed prior to his plea, the Constitution requires no such disclosure. <u>See</u> <u>Fisher</u>, 711 F.3d at 471 (Agee, J., dissenting) (citing <u>Ruiz</u>, 536 U.S. at 630; <u>United States v. Moussaoui</u>, 591 F.3d 263, 285 (4th Cir. 2010). As it relates to his motion to suppress, disclosure was not required and, even if it was, was not material. <u>See</u> <u>infra</u> pgs. 4–5.